**FILED**

NOV 2 2 2024

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CASE NO. 19-CR-236-2-JPS

RICHARD TOLBERT,
   Plaintiff,

v.                                       JURY TRIAL DEMAND

DR. PATRICK CRAFT et. al,
sued in official and individual
capacities, Defendants.

---

**JURY TRIAL DEMANDED
COMPLAINT FOR MONEY DAMAGES AND INJUCTION**

---

## I. JURISDICTION

1. Plaintiff brings this lawsuit pursuant to 42 U.S.C. 1983. This Court has jurisdiction under 28 U.S.C. 1331 and 1343. Plaintiff also seeks a declaratory judgement pursuant to U.S.C. 2201.

## II. VENUE

2. The District Court of the eastern District if North Carolina is an appropriate part of the events or omissions giving rise to the claim that occurred in this district.

## III. PARTIES

3. Plaintiff Richard Tolbert was at all times relevant to this action a prisoner incarcerated at FCI Butner II which is located in the Eastern District of North Carolina.

4. Defendant Patrick Craft MD was at all time relevant to this action. The Doctor at FCI Butner II and was acting under the color of Federal law. By statue the Doctor is responsible for ensuring the healthcare and well being of all prisoners under his medical care. He is sued in his individual and official capacities.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff has done his due diligence with trying to comply with the Prisoners Litigation Reform Act (PLRA) requirements. Defendants has attempted to frustrate Plaintiffs grievance process by returning each stage of the grievance process claiming he filed his grievance to the wrong level. Plaintiff has sent numerous Electronic Request as well as written relating to the Defendants abuse. See grievances enclosed. In light of these facts Plaintiff now moves forward with this claim. Plaintiff filed a BP-8, BP-9, BP-10 and BP-11.

## V. FACTUAL ALLEGATIONS

6. Plaintiff suffers with Chronic Multifocal Osteomyelitis of right tibia, that is his principle problem. His current and active problems is (1)Acute Post-operative Pain (2)Osteomyelitis, chronic, lower leg, right leg.

7. Plaintiff has been treated for the most part at Duke University Medical Center. He has underwent surgery by St. Luke's orthopedic surgeons. It was crucial that Plaintiff receive oral anti-biotics (doxycycline) twice daily. It was explained to him by Doctors at St. Luke's Orthopedic surgery that he will likely be on these anti-biotics for the rest of his life and in 2021 he was given a prescription of anti-biotics to expire in 2029 (see medical records enclosed).

8. In July of 2021 Plaintiff was transferred to Federal Correctional Institution II in Butner,N.C where he came under the care of Dr. Craft (Defendant) he remained under this Doctors care until March of 2023.

9. Defendant spoke with Dr. Craft concerning his order to receive anti-biotics immediately upon his arrival or we should say his first encounter with Dr. Craft. Defendant outright refused to honor the order written by St. Luke's orthopedic surgeon stating "I am not giving you any anti-biotics, you do not need it". Plaintiff pleaded with the Defendant to provide him with the anti-biotics, however his plea fell on deaf ears.

10. Prior to his arrival at FCI-II he was first transferred through Oklahoma transit center where he did in fact receive his anti-biotics that was ordered by St. Luke's. Only for him to be denied by Dr. Craft immediately upon his arrival at FCI-II.

11. St. Luke's orthopedic surgeons also ordered that he be provided with a wheel chair and that he not walk on his leg, however Dr. Craft blatantly refused to provide Plaintiff with a wheel chair, walker, or a Cain, even with knowing that it was ordered by the surgeons at St. Luke Medical Center.

12. The denial of anti-biotics by the Defendants caused damage to Plaintiffs kidneys. Plaintiff was rushed out to Duke Hospital where he was treated for acute Kidney failure. This was a direct result of the Defendants deliberate and malicious intent to cause Plaintiff irreparable harm. (see medical records enclosed) Resulting in multiple surgeries.

13. In March of 2023 Plaintiff was transferred to the Federal Medical Center so that he can receive the desperate medical care he needed. He has been housed at FMC Butner ever since.

14. Plaintiff has a complex history to his right lower leg. He has undergone previous operations for tibial shaft fracture including flap placement however his tibia fracture developed a nonunion.

15. Defendants treatment towards Plaintiff has caused him not just physical injury and irreparable harm but he has also caused Plaintiff psychological injury as a result of his deliberate indifference.

16. Plaintiff did file a tort claim in 2023, the tort claim was denied however the FBOP determined that he could in fact move forward with a civil action in court. However, the facts in this case does not speak to mere negligence but rather to deliberate indifference with malicious intent to cause harm.

2.

V.  Legal Complexity. This case will present complex legal issues determining what the defendant did personally and deliberately violate the defendants constitutional right and therefore should be held liable. HENDRICK v. COUGHLIN 114 F.3d 390, 394 (2nd Cir. 1997)(holding complexity of supervisory liability supports appointment of counsel). In addition, the Plaintiff has asked for a jury trial which requires greater legal skills that the Plaintiff has or can develop. See SOLIS v. COUNTY OF LOS ANGELES, 514 F.3d 946, 958 (9th Cir. 2008)(prisoner with eighth grade education and no legal training is "ill-suited" to conduct a jury trial).

Furthermore, (counsel should be appointed where prisoner was forbidden to obtain records that might help in him discovering and locating witnesses to his alleged beating but lawyer could get them) JOHNSON v. HOWARD 20 F.Supp.2d 1128, 1129 (W.D. Mich. 1998).

Courts have appointed counsel because of the sensitive nature of sexual abuse claims. See C.F. WOOD v. IDAHO DEPT. of CORRECTIONS 391 F.Supp 2d 852,867 (D. Idaho 2005).

WHEREFORE, Plaintiff respectfully requests the Honorable Court GRANT this Motion for Appointment of Counsel for Good Cause shown and in the interest of Justice.

Submitted this 16th Day of October 2024.

Respectfully Submitted,

Richard Tolbert
ID #17190-089
FMC BUTNER
P.O. BOX 1600
BUTNER, N.C. 27509

3.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CASE NO.19-CR-236-2-JPS

RICHARD TOLBERT,
     Plaintiff,

v.                                SWORN AFFIDAVIT

Dr. PATRICK CRAFT et. al.,
     Defendants.

---

## SWORN AFFIDAVIT IN SUPPORT OF PLAINTIFFS BIVENS CLAIMS
## AGAINST THE ABOVE DEFENDANTS

---

I, Richard Tolbert, Plaintiff hereby declare under penalty of perjury that the foregoing affidavit is

true and correct to the best of my knowledge.

1. Plaintiff declare that he did all that was within his power
   to file and exhaust his grievances according to FBOP
   Program statements as well as The Prison Litigation
   Reform Act.

2. Plaintiff has attached copies of his grievances.

I declare under the penalty of perjury that the above statements and sworn affidavit are true and

correct to the best of my knowledge.

Submitted this 16th Day of October 2024.

Respectfully Submitted,

Richard Tolbert
ID# 17190-089
FMC BUTNER
P.O. BOX 1600
BUTNER, N.C. 27509

CERTIFACTE OF SERVICE

I, Richard Tolbert, do hereby verify that on this day a true and correct copy of the attached and foregoing

Motion was placed in the mailbox with proper postage attached at the prison for delivery to the U.S.

Attorney's office addressed as follows:

UNITED STATES ATTORNEY'S OFFICE
For the Eastern District of North Carolina
310 New Bern Ave.
Raleigh, NC 27509

Submitted this 16th Day of October 2024.

Respectfully Submitted,

Richard Tolbert ID# 17190-089
CASE No. 19-CR-236-2-JPS
FMC BUTNER
P.O. BOX 1600
BUTNER, N.C. 27509